UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                  CRIMINAL CASE NO. 05-CR-80338-DT

vs.

                                      HON. ARTHUR J. TARNOW

MONASSER MOSAD OMIAN,        MAGISTRATE JUDGE MONA K. MAJZOUB

        Defendant.
_____/

## REPORT AND RECOMMENDATION

**I.** **RECOMMENDATION:** This Court recommends that Defendant's Motion for Return of Property (Docket # 88) be **GRANTED**.

**II.** **PROCEDURAL HISTORY**

On June 22, 2006 Defendant Monasser Mosad Omian ("Defendant") filed a Motion for Return of Property and Request for Evidentiary Hearing (Docket # 88) to which the Government responded. District Court Judge Arthur J. Tarnow referred the Motion to this Court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).[1] A hearing was held on August 16, 2006. Counsel for both parties and Defendant were present at the hearing.

---

[1] The matter was referred to this Court for an opinion and order pursuant to 28 U.S.C. § 636(b)(1)(A). However, this Court has construed it as a referral for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) because the motion is for post-trial relief by a person convicted of a criminal offense.

1

Upon Order of this Court, the Government filed a supplemental response informing the Court as to what property at issue in Defendant's motion is in the Government's possession. Defendant replied. Defendant's motion is now before this Court.

### III. FACTUAL SUMMARY[2]

In April 2005 Defendant was indicted for conspiracy, structuring, operating an unlicensed money transmitting business, false statements to federal officers, and aiding and abetting. The Indictment also sought the forfeiture of certain monies and real property located at 2744 - 2746 Salina and 2781 Akron.[3] (Docket # 3). Defendant was arrested and subsequently released on a $100,000 unsecured bond. (Docket ## 5, 6). Defendant was ordered to surrender any passports, obtain no other passport, and remain in the Eastern District of Michigan. Defendant was also placed on home confinement, which included electronic monitoring. *Id.* Defendant's bond conditions were modified on May 12, 2005 to include less restrictive curfew and tether times.

On July 12, 2005 federal agents, pursuant to a search warrant, seized documents from Defendant's property at 2744 - 2746 Salina and 2781 Akron and from a Comerica safety deposit box issued to Defendant. On May 11, 2006 Defendant pled guilty, pursuant to a plea agreement, to charges of conspiracy to commit a federal crime (operating an unlicensed

---

[2] The facts are taken from the Court's records, the parties' pleadings, and the parties' statements at the August 16, 2006 hearing.

[3] Superseding indictments were subsequently filed on June 23, 2005, July 19, 2005, and March 3, 2006. (Docket ## 25, 30, 63).

money transmitting business) and structuring to evade a reporting requirement/aiding and abetting. Defendant waived his right to appeal. As part of the plea agreement, the Government agreed to dismiss the remaining charges against Defendant. The Government also agreed to release or withdraw its interest or lis pendens as to the properties located at 2744 - 2746 Salina and 2781 Akron upon Defendant's sentencing. (Docket # 76). Defendant was sentenced by Judge Tarnow to thirty months on each count to run concurrently on August 11, 2006. (Docket # 103). Defendant remains free on bond and has a self-surrender date of October 19, 2006.[4]

## IV.  LAW AND ANALYSIS

Now that Defendant has been sentenced, he seeks the immediate return of various documents seized from his homes and safety deposit box pursuant to Federal Rules of Criminal Procedure 41(g). For the purposes of this report, the Court has divided the documents at issue into the following categories: (1) documents the Government agrees to immediately return; and (2) documents the Government objects to returning immediately, which include: (a) third party travel and identification documents; and (b) documents related to Defendant's property at 2744 - 2746 Salina and 2781 Akron.

---

[4] Defendant's motion to extend the reporting date is pending before Judge Tarnow.

A.   <u>General Legal Principles</u>

Fed.R.Crim.P. 41(g)[5] states as follows:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Rule 41(g) is grounded in principles of equity. *Floyd v. United States*, 860 F.2d 999, 1002-03 (10th Cir. 1988). "[W]hen considering a motion to return, the court must balance the legitimate needs of the United States against the property rights of the moving party... ." *United States v. Popham*, 382 F. Supp. 2d 942, 955-56 (E.D. Mich. 2005). The Court must be guided by principles of reasonableness. *Id.* The moving party must demonstrate a proprietary interest in the property he/she seeks to be returned. *Sovereign News Co. v. United States*, 690 F.2d 569, 577 (6th Cir. 1982). Mere possession is enough to establish some form of interest. *See Northern Pacific Railroad Co. v. Lewis*, 162 U.S. 366, 16 S.Ct. 831, 40 L.Ed. 1002 (1896). "But even if the movant demonstrates a property interest, courts will not grant a motion for the return of property if the government no longer possesses the property." *Arispe v. United States*, 2005 WL 3132211 *5 (E.D. Mich 2005), citing *United States v. Francis*, 646 F.2d 251, 263 (6th Cir.1981).

---

[5]   Motions to return property were previously made pursuant to Rule 41(e). In 2002, this subsection was redesignated Rule 41(g) without substantive change.

The burden thereafter shifts to the Government to show that it has legitimate interest in retaining the property at issue.  *United States v. Chambers*, 192 F.3d 374, 377 (3d Cir. 1999).  "The government's interest may take a variety of different forms; what matters is that it is a legitimate interest." *United States v. Uribe-Londono*, 2006 WL 932582 * 1, citing *United States v. Duncan*, 918 F.2d 647, 654 (6th Cir. 1990).

> B.  **Third Party Documents that the Government Agrees to Immediately Return**

The Government has indicated that it will immediately return: (1) the U.S. Passports of Fathia and Yasmin Omian; and (2) the Yemeni Passport of Nabeel Saleh.[6]

> C.  **Documents Government Objects to Immediately Returning**

The parties do not dispute that the following documents at issue were seized from Defendant's possession and are now in the Government's possession.  Rather, the issue is the legitimacy of the Government's interest in retaining these documents.

> 1.  **Third Party Travel and Identification Documents**

The Government has refused to immediately return the following third party identification and travel documents: (1) U.S. Passports of Asma and Wadea Omian; (2) U.S. Social Security cards of Nemah, Ridhawn, Sadeq, Safa and Asma Omian; (3) U.S. Alien

---

[6] Fathia and Yasmin Omian are Defendant's married daughters.  Nabeel Saleh is married to Fathia Omian.  They do not live with Defendant.

Registration Card of Nemah Omian; (4) Yemeni Passport of Nemah Omian; and (5) Yemeni Identification card of Nemah Omian.[7]

This is not the typical case in which the Government seeks to retain property that it considers to be contraband or pertinent to the prosecution or on-going investigation of a defendant. Indeed, the Government does not argue that it considers the travel and identification documents of Defendant's wife and minor children to be evidence ( an argument that would nevertheless be moot since the Defendant's conviction and sentence are now final).[8] Rather, the Government asserts, without legal authority, that it has a legitimate interest in retaining the travel and identification documents of Defendant's wife and minor daughters until Defendant *actually* surrenders based upon its belief that Defendant is a flight risk. The Government speculates that this risk will increase if Defendant's family has the ability to travel.[9]

---

[7] Nemah Omian is Defendant's wife. Asthma, Ridhawn, Sadeq, Wadea and Safa Omian are the Defendant's minor daughters who reside with Defendant and his wife at the Akron residence.

[8] Even if the Government had an interest in using these documents as evidence, the Government could easily copy them and enter into a stipulation with the parties regarding their use at trial.

[9] The Government also asserts, perhaps unintentionally, a "no harm, no foul" argument to justify its retention of these documents. The Government argues that Defendant's wife and children have no reason to need the documents at issue so it is proper for the Government to retain them. However, the Government presented no legal authority to support the proposition that the Government may seize and retain a person's property based solely upon its unilateral, subjective decision as to what that person's need may or may not be for those documents.

The Court certainly understands the Government's concern regarding a defendant's flight risk. However, the Court believes that, in this case at least, an order allowing the Government justify its retention of property for the reason asserted by the Government would improperly circumvent the statutory provisions of 18 U.S.C. § 3142 and § 3143, which are specifically designed to address the propriety of releasing or detaining defendants pending trial, sentencing, and appeal.

In this case, the Government acknowledges that it had moved to detain Defendant on several occasions and for the same reasons advanced to this Court now. The Government even sought to revoke Defendant's bond upon sentencing. However, the Government's motion was denied each time by the Court's application of the factors set forth in § 3142 and § 3143. In doing so, the Court determined that the Government's concerns regarding Defendant's risk of flight were met by the imposition of a bond and various bond conditions. Defendant has remained free on a $100,000 unsecured bond since his arrest. He is restricted to travel in the Eastern District of Michigan, is required to wear a tether to monitor his location, has surrendered his own Passport and has been ordered not to secure any other Passport. There is no evidence before the Court that Defendant ever violated these conditions. In fact, the record shows that Defendant's conditions of release have become less restrictive over the course of the case.

It is clear that the Government is dissatisfied with Court's decisions not to detain Defendant although it has never sought to appeal them. However, the Court concludes that

it would be unreasonable to allow the Government to retain the documents of Defendant's wife and minor children so as to undermine these previous decisions.

### 2. Documents Pertaining to Property at 2744-2746 Salina and 2781 Akron

The Government has also refused to immediately return documents pertaining to Defendant's property located at 2744 - 2746 Salina and 2781 Akron. The documents in the Government's possession include: (1) closing documents related to the purchase and refinancing of the property at 2744 - 2746 Salina; (2) closing document related to Defendant's purchase of 2781 Akron; and (3) a mortgage survey, certificate of occupancy, and homeowner's insurance package related to the 2781 Akron property.

The Government initially sought the criminal forfeiture of the property at issue. However, the properties were excluded from forfeiture as part of the Government's plea agreement with the Defendant. The Government also noted that they have not initiated any civil forfeiture proceedings related to the property at issue. Furthermore, as part of the plea agreement, the Government agreed to withdraw or release its filed affidavit of interest or lis pendis related to the 2744 - 2746 Salina and 2781 Akron properties upon the sentencing of Defendant and his co-Defendant, Sadeq Omian.[10] Defendant has been sentenced and his time

---

[10] Defendant and Sadeq Omian are co-owners of the Salina property. Defendant and his wife are co-owners of the Akron property. However, the Government asserts that Sadeq Omian could assert an ownership interest in the Akron property because he resides there.

to appeal has passed although Sadeq Omian is not scheduled to be sentenced until November 2006.

The Government advances essentially the same arguments as above to justify its retention of the property documents at issue. And for the same reasons, the Court concludes that retention of these documents is unreasonable.

The Government also argues that it has an interest in retaining these property documents until Sadeq Omian is sentenced and the Government withdraws its interest in the 2744 - 2746 Salina and 2781 Akron properties. However, the return of the property documents at issue bears no relationship to the Government's decision to release its interest in these properties. Furthermore, the Defendant's ability to sell these properties before the Government releases its interest is not increased by his possession of the documents at issue. Consequently, the Court finds that the Government's continued retention of these property documents is unreasonable.

## IV.  CONCLUSION

Based upon the foregoing discussion, the Court recommends that Defendant's Motion for Return of Property be **GRANTED**.

## V.  NOTICE TO PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within ten (10) days of service of a copy hereof as provided

for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary*, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1(d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objection must be served upon this Magistrate Judge.

Dated: October 11, 2006          s/ Mona K. Majzoub
                                                                              **MONA K. MAJZOUB**
                                                                              **UNITED STATES MAGISTRATE JUDGE**

## Proof of Service

      I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: October 11, 2006          s/ Lisa C. Bartlett
                                                                              **Courtroom Deputy**